UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIN WARE,<br><br>                               Plaintiff,<br>     v.<br>ROBERT SMITH, *et al.*,<br>                              Defendants. | Case No. 3:20-cv-00102-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Erin Ware, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendant Robert Smith.[1] (ECF No. 8.) Both parties have filed motions for summary judgment. (ECF Nos. 30 ("Defendant's Motion"), 36 ("Plaintiff's Motion").)[2] Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 38), recommending the Court deny both parties' Motions. Plaintiff filed an objection to the R&R.[3] (ECF No. 45 ("Objection").) Defendant did not file an objection to the R&R. Because the Court agrees with Judge Baldwin's analysis as to Defendant's Motion, but disagrees as to Plaintiff's Motion, the Court will adopt the R&R in part, and will deny Defendant's Motion but grant Plaintiff's Motion.

///

///

---

[1]The other defendants have been dismissed from this action.

[2]Defendant responded to Plaintiff's Motion (ECF No. 37) but, despite multiple extensions (ECF Nos. 32, 34, 35), Plaintiff did not respond to Defendant's Motion. No replies were filed.

[3]Defendant responded to Plaintiff's Objection, but did not file an objection of his own. (ECF No. 46.)

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of Plaintiff's allegations in the first amended complaint, or "FAC," provided in the R&R, which the Court adopts. (ECF No. 38 at 1-3.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 45.)

## IV. DISCUSSION

Judge Baldwin recommends that both parties' Motions be denied because there is a factual dispute as to whether Plaintiff exhausted his administrative remedies. (ECF No. 38 at 10-11.) Judge Baldwin concludes that Defendant failed to demonstrate that Plaintiff failed to exhaust available administrative remedies, but that Plaintiff failed to meet his burden of showing that he had exhausted his administrative remedies. (*Id.* at 8-10.) The Court addresses these conclusions in turn.

Plaintiff filed two informal grievances relating to the conduct complained of in his FAC. (ECF Nos. 30-1, 30-4, 30-5.) Plaintiff's first informal grievance—Grievance 20063075593—was rejected on December 21, 2018, for failing to articulate a requested remedy. (ECF No. 30-1 at 19.) Plaintiff filed his second informal grievance—Grievance 20063076244—the same day his first grievance was rejected, complaining of the same conduct, explaining that he had not received his pink copy. (*Id.* at 17.) The second grievance was rejected for stating the same information as the first grievance. (*Id.*) Per the NDOC's own regulation, if a grievance is not accepted, the inmate may not appeal that decision. (ECF No. 30-3 at 5.) Despite the fact that Plaintiff attempted to comply with NDOC's regulation by resubmitting a proper grievance, that grievance was also rejected.

1  As Judge Baldwin noted in the R&R, the PLRA only requires that available remedies be exhausted. (ECF No. 38 at 10-11.) Indeed, a failure to exhaust administrative remedies is excusable when a plaintiff takes steps to attempt to exhaust, but is prevented from doing so through no fault of their own. *See Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010). Because Defendant has not shown that Plaintiff failed to take advantage of available administrative remedies, he is not entitled to summary judgment and the Court will deny his Motion.

Plaintiff objects that his Motion should not be denied because he did exhaust all available remedies. (ECF No. 45 at 1.) Judge Baldwin recommends denying Plaintiff's Motion because Plaintiff did not submit any authenticated evidence to support his Motion. (ECF No. 38 at 11.) Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

Although Plaintiff failed to support his Motion with authenticated evidence, the Court ultimately concludes that there is not a genuine dispute of fact about whether Plaintiff exhausted his remedies. Exhaustion is an affirmative defense, and it is Defendant's obligation to demonstrate that Plaintiff failed to exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Through Defendant's own Motion and supporting evidence, it is clear that Plaintiff attempted to exhaust his administrative remedies through NDOC's grievance procedure, but was improperly prevented from so doing. (ECF No. 30-1.) Because there is no genuine dispute that Plaintiff attempted to comply with the

grievance process but was unable to move forward, the Court finds that Plaintiff is excused from exhausting via appeal of his grievances. *See Nunez*, 591 F.3d at 1224-26. "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Because the parties do not dispute the facts surrounding Plaintiff's grievance process, Defendant failed to meet his burden of demonstrating Plaintiff failed to exhaust, and the evidence shows that Plaintiff attempted to exhaust but was prevented from doing so, the Court will grant Plaintiff's Motion.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 48) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is sustained. The Report and Recommendation (ECF No. 38) is adopted in part and rejected in part, as stated herein.

It is further ordered that Defendant's motion for summary judgment (ECF No. 30) is denied.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 36) on is granted. The Court finds that Plaintiff has exhausted his administrative remedies.

DATED THIS 2nd Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE