1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ERIN WARE,

Plaintiff,

v.

SMITH, *et. al.,*

Defendants.

Case No. 3:20-cv-00102-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF No. 50]

10    This case involves a civil rights action filed by Plaintiff Erin Ware ("Ware") against

11   Defendant Robert Smith ("Smith"). Currently pending before the Court is Smith's motion

12   for summary judgment. (ECF Nos. 50, 52.)[2] On November 17, 2022, the Court gave Ware

13   notice of Smith's motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d

14   409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 54.)

15   Despite the Court *sua sponte* granting an extension of time, (ECF No. 56), Ware has failed

16   to file an opposition to the motion. For the reasons stated below, the Court recommends

17   that Smith's motion for summary judgment, (ECF No. 50), be granted.

18   **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

19    Ware is an inmate currently in the custody of the Nevada Department of Corrections

20   ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC").

21   (ECF Nos. 8, 9.) On February 13, 2020, proceeding *pro se*, Ware filed an inmate civil rights

22   complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), seeking, monetary damages. (ECF

23   No. 7.) The Complaint was screened in accordance with 28 U.S.C. § 1915A(a). (ECF No.

24
25
26
27
28

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 52 consists of Ware's medical records filed under seal.

6.) The Court allowed Ware to proceed on one claim for an Eighth Amendment conditions of confinement claim, and the Court granted Ware leave to file an amended complaint. (*Id.*) Ware filed his first amended complaint ("FAC"), which is the operative complaint in this case, on June 29, 2020. (ECF No. 8.) The Court screened the FAC and allowed Ware's conditions of confinement claim to proceed against Defendants Smith and Peterson.[3] (ECF No. 9.)

Ware's FAC alleges the following: On December 4, 2018, Ware was being transported from Carson-Tahoe Hospital ("CTH") to NNCC. (ECF Nos. 8, 9.) Correctional Officers Smith and Peterson placed Ware in the back of a transport van while Ware was in full restraints, including handcuffs and leg shackles. (*Id.*) Smith and Peterson failed to put a seatbelt on Ware (*Id.*) Peterson was driving aggressively, and Smith failed to admonish Peterson for his driving. (ECF No. 8.)[4] Peterson then made a reckless and malicious turn that caused Ware to slam into the side of the transport van. (*Id.*) Ware's head, shoulder, and arm made hard contact with the van, which resulted in Ware suffering a mild concussion, severe neck and back pains, and extreme and continuous headaches. (*Id.*)

Defendant Smith is a correctional sergeant with the NDOC. (ECF No. 50-5.) He was on duty on December 4, 2018, as a hospital transport officer. (ECF No. 50-1.) He was on duty, as a hospital transport officer from 1:00 pm to 7:30 pm. Smith was assigned to inmate Roland Zybell, #78659. (*Id.*) Smith arrived at CTH at 12:15 pm with Mr. Zybell. (ECF No. 50-2.) Ware left the hospital at 11:20 am. (ECF No. 50-3.) At that time, Smith was working in a different capacity as a training officer. (ECF No. 50-5.)

---

[3]     On June 22, 2021, Peterson was dismissed from this action without prejudice for a failure to effectuate service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 29.)

[4]     The screening order, (ECF No. 9), states that Smith, not Peterson, was driving the van. However, Ware's FAC, (ECF No. 8), states that Peterson, not Smith, was driving the van.

1    In his grievance, filed December 12, 2018, Ware alleges that when he was taken

2    from CTH by Smith and another corrections officer, he was injured. (ECF No. 50-4.)

3    According to the records, Ware was at CTH at 4:45 am, which was well before Smith's

4    shift. (ECF No. 50-3.) According to Smith's sworn declaration, he had no recollection of

5    transporting Ware on that date. (ECF No. 50-5.) There is no evidence that Ware was

6    injured upon returning to NNCC. A progress note taken when Ware returned to NNCC

7    indicates that Ware "felt fine" and "wanted to return to his unit." (ECF No. 52-1 (sealed).)

8    On November 16, 2022, Smith filed the instant motion for summary judgment

9    arguing (1) there is no evidence that Smith was involved in the transport of Ware, (2) there

10   is no evidence Ware was injured, and (3) there is no evidence other than Ware's assertion

11   that this event even occurred. (ECF No. 50.)

12   **II.    LEGAL STANDARDS**

13   "The court shall grant summary judgment if the movant shows that there is no

14   genuine dispute as to any material fact and the movant is entitled to judgment as a matter

15   of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

16   substantive law applicable to the claim determines which facts are material. *Coles v.*

17   *Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242,

18   248 (1986)). Only disputes over facts that address the main legal question of the suit can

19   preclude summary judgment, and factual disputes that are irrelevant are not material.

20   *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where

21   a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

22   The parties subject to a motion for summary judgment must: (1) cite facts from the

23   record, including but not limited to depositions, documents, and declarations, and then (2)

24   "show[] that the materials cited do not establish the absence or presence of a genuine

25   dispute, or that an adverse party cannot produce admissible evidence to support the fact."

26   Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be

27   authenticated, and if only personal knowledge authenticates a document (i.e., even a

28   review of the contents of the document would not prove that it is authentic), an affidavit

attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a

dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

## III.    DISCUSSION

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. MO Chapman*, 452 U.S. 337, 347 (1981). "Prison

officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To establish a violation of these duties, the inmate must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834. Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *See id.* at 834.

"[T]o satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Id.* at 1076 (citing *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002)). It does not matter "whether a prisoner faces an excessive risk ... for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

The inmate must also satisfy the subjective element. This means that the prison official being sued must have known of and disregarded the risk to the inmate's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Further, a plaintiff "must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Conn v. City of Reno*, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), *vacated by City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

There is no evidence that Smith was involved in the transport of Ware to or from CTH on December 4, 2018. The shift roster shows that Smith worked from 1:00 pm to 7:30 pm to take inmate Zybell to the hospital. (ECF No. 50-1.) The community hospital log shows that Ware left the hospital well before 1:00 pm. (ECF No. 50-3.) Smith's sworn declaration confirms that he has no recollection of the event. (ECF No. 50-5.) There is no other evidence, other than Ware's unsupported allegation, that Smith was even involved

in the transport. Therefore, there is no evidence Smith could not have known of the risk of suffering serious harm, much less disregarded the risk.

Additionally, even assuming Smith was involved in transporting Ware during the incident in question, Ware does not allege that Smith was the driver of the transport vehicle. (*See* ECF No. 8.) Instead, Ware only asserts that Smith failed to put a seatbelt on him and did not admonish Peterson for his allegedly reckless driving. (*Id.*) Several district courts have explicitly held that failing to provide a prisoner a seatbelt or to secure the same when provided during transport "does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57–58 (2d Cir. 2012); *Simon v. Clements*, No. 2:15-cv-04925-JLS-PLA, 2016 WL 8729781, at *1 (C.D. Cal. June 10, 2016) ("The law is clear that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts."); *Jamison v. YC Parmia Ins. Grp.*, No. 2:14-cv-01710-GEB-KJN, 2015 WL 8276333, at *3 (E.D. Cal. Dec. 9, 2015), report and recommendation adopted, No. 2:14-cv-01710-GEB-KJN, 2016 WL 11447606 (E.D. Cal. Jan. 25, 2016); *see also Thomas v. Rodriguez*, No. 3:16-cv-02211-AJB-JMA, 2017 WL 3896738, at *3–4 (S.D. Cal. Sept. 6, 2017) (collecting cases where the lack of safety restraints for prisoners during transport without something more did not give rise to a claim of deliberate indifference).

For all these reasons, Smith has met his burden on summary judgment as he has submitted admissible evidence establishing that he was not with Ware on the date in question. Further, there is no evidence of any injury as a result of the alleged incident. Thus, the record forecloses the possibility of a reasonable jury finding in Ware's favor. *See Pakootas*, 905 F.3d at 593-94.

The burden now shifts to Ware to establish that a genuine issue of material fact actually exists. Ware must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co.*, 992 F.3d at 897. Ware did not oppose the motion and did not submit any evidence in opposition to the motion. Therefore, Ware has presented no evidence to show Smith was aware of a serious risk of harm. Accordingly, Ware has failed to meet his burden on summary judgment to show an issue of fact that Smith was deliberately indifferent to

1    Ware's safety.

2          Based on the above, the Court recommends Smith's motion for summary judgment

3    be granted.

4    **IV.    CONCLUSION**

5          For good cause appearing and for the reasons stated above, the Court

6    recommends that Smith's motion for summary judgment, (ECF No. 50), be grant.

7          The parties are advised:

8          1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

9    Practice, the parties may file specific written objections to this Report and

10   Recommendation within fourteen days of receipt. These objections should be entitled

11   "Objections to Magistrate Judge's Report and Recommendation" and should be

12   accompanied by points and authorities for consideration by the District Court.

13         2.     This Report and Recommendation is not an appealable order and any notice

14   of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

15   Court's judgment.

16   **V.    RECOMMENDATION**

17         **IT IS RECOMMENDED** that Smith's motion for summary judgment, (ECF No. 50),

18   be **GRANTED**.

19         **IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT**

20   accordingly and **CLOSE** this case.

21   **DATED**: ___January 13, 2023_____.

22

23   _____

24         **UNITED STATES MAGISTRATE JUDGE**

25

26

27

28