UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIN WARE, | Case No. 3:20-cv-00102-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SMITH, *et. al.*, | |
| Defendants. | |

    Following screening, the Court permitted p*ro se* Plaintiff Erin Ware to proceed on a claim for violation of the Eighth Amendment—conditions of confinement—under 42 U.S.C. § 1983 for injuries he allegedly sustained during a transport to Carson-Tahoe Hospital on December 4, 2018. (ECF No. 9 at 4-5.) Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 57 ("R&R")), recommending that the Court grant Defendant Robert Smith's motion for summary judgment (ECF No. 50). Ware did not respond to the motion, but he timely filed an objection (ECF No. 60 ("Objection")) to the R&R to which Defendant responded (ECF No. 61). As further explained below, the Court overrules Ware's Objection and adopts the R&R in full.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Ware filed his Objection. (ECF No. 60.)[1]

---

[1]The Court incorporates by reference and adopts Judge Baldwin's recitation of Ware's allegations in the R&R. (ECF No. 57 at 2-3.)

Judge Baldwin found that Plaintiff cannot satisfy the subjective prong of his claim, requiring him to show that Defendant knew of a risk of serious harm to Plaintiff's safety and disregarded that risk. (ECF No. 57 at 6.) Judge Baldwin based this finding on the shift roster showing Defendant was not working during the time of the transport and on Defendant's sworn declaration that he has no recollection transporting Plaintiff on December 4, 2018. (*Id.*) She found this evidence undisputed because Plaintiff did not oppose the motion for summary judgment. In his Objection, Plaintiff argues that the Court cannot consider Smith's declaration as valid because "[i]n previous motions and/or matters C/O Smith made statements saying that he cannot verify if the incident took place." (ECF No. 60 at 1.) Plaintiff does not offer any citation to these "prior motions," but Smith's declaration stating he "does not recall transporting" Plaintiff on the day in question (ECF No. 50-5 at 2) is consistent with any purported prior statement that "he cannot verify if the incident took place." The shift roster shows Defendant was not working during the time of Plaintiff's transport. (ECF No. 50-1.) In fact, the roster shows Defendant was assigned to transport another inmate consistent with the information in Defendant's declaration.[2] (*Id.* at 3.) For these reasons, the Court agrees with Judge Baldwin's finding that Plaintiff cannot show meet the subjective prong of Plaintiff's claim.[3]

It is therefore ordered that Plaintiff's objection (ECF No. 60) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 57) is adopted in full.

It is further ordered that Defendant's motion for summary judgment (ECF No. 50) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

---

[2]Defendant states in his declaration that he was assigned to transport another inmate on December 4, 2018. (ECF No. 50-5 at 2.)

[3]Because the lack of evidence supporting this prong is dispositive of Plaintiff's claim, the Court declines to address Judge Baldwin's alternative findings.

DATED THIS 20th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE